WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GE CAPITAL COMMERCIAL OF UTAH, LLC,<br><br>                     Plaintiff,<br><br>    vs.<br><br>KEVIN JOHN PRENDIVILLE and MARIA ANN PRENDIVLLE, as husband and wife and as co-trustees of THE PRENDIVLLE REVOCABLE TRUST created by the trust agreement dated October 20, 1989,<br><br>                     Defendants. | No. 2:13-cv-1813-HRH |

O R D E R

<u>Motion for Summary Judgment</u>

Plaintiff moves for summary judgment.[1] This motion is unopposed. Oral argument has been requested but is not deemed necessary.

Facts

Plaintiff is GE Capital Commercial of Utah, LLC. Defendants are Kevin John Prendiville and Maria Ann Prendiville, individually and as co-trustees of The Prendiville Revocable Trust.

---

[1]Docket No. 34.

-1-

The Prendivilles are the sole members of MAP, which is a Louisiana limited liability company.² On December 12, 2006, General Electric Capital Corporation (GECC) predecessor-in-interest to plaintiff, agreed to loan $3,890,000.00 to MAP and the Trust.³ "The MAP Loan is evidenced by, among other things, [a] certain <u>Promissory</u> <u>Note</u> (the 'MAP Note') ... in the original principal amount of $3,890,000.00."⁴ "In conjunction with the MAP Loan, the Prendivilles each executed [a] certain <u>Unconditional</u> <u>Guaranty</u> <u>of</u> <u>Payment</u> <u>and</u> <u>Performance</u> ... (the 'MAP Guaranty')."⁵ "Pursuant to the MAP Guaranty, each of the Prendivilles absolutely and unconditionally guaranteed full performance and repayment of all obligations owing by MAP to GECC under the MAP Loan Documents...."⁶

"All of GECC's rights and interests in and under the MAP Loan Documents were assigned to" plaintiff.⁷ Thus, plaintiff is current holder of the MAP Note, the entity entitled to enforce the MAP Guaranty, and the owner and beneficiary of the MAP Loan Documents.

---

²Declaration of David Burger [etc]. at 2, ¶ 6, Exhibit A, Plaintiff's Motion for Summary Judgment, Docket No. 34.

³<u>Id.</u> at 2, ¶¶ 7-8 and Exhibit 1 thereto.

⁴<u>Id.</u> at 2, ¶ 8 and Exhibit 2 thereto.

⁵<u>Id.</u> at 3, ¶ 10 and Exhibit 3 thereto.

⁶<u>Id.</u> at ¶ 11.

⁷<u>Id.</u> at ¶ 12.

"Prior to MAP's bankruptcy,[8] MAP and [the] Trust defaulted on their obligations under the MAP Loan Documents."[9] "After MAP and [the] Trust defaulted," plaintiff, MAP, the Trust, and the Prendivilles "entered into [a] Forbearance Agreement dated March 21, 2102...."[10] "In the MAP Forbearance Agreement, MAP, [the] Trust, and the Prendivilles acknowledged the validity and enforceability of the MAP Loan Documents, their liability for the MAP Indebtedness," which is currently calculated to be $2,020,842.81,[11] "and the existence of events of default under the MAP Loan Documents."[12] Plaintiff "did not waive any existing defaults under the MAP Loan Documents" but "agreed to forebear from enforcing its rights under the MAP Loan Documents...."[13] Plaintiff's "agreement to forbear expired by the terms of the MAP Forbearance Agreement on September 15, 2012."[14]

---

[8]MAP filed bankruptcy on February 25, 2013.  There is no bankruptcy stay in place that prevents plaintiff from enforcing its rights against the Trust or the Prendivilles.

[9]Burger Declaration at 3, ¶ 14, Exhibit A, Plaintiff's Motion for Summary Judgment, Docket No. 34.

[10]Id. at ¶ 15 and Exhibit 4 thereto.

[11]Id. at 4-5, ¶ 25.  The MAP property was sold as part of MAP's bankruptcy and the sales proceeds were applied to reduce the amount of the MAP Indebtedness.  Id. at 4, ¶¶ 23-24.

[12]Id. at 3-4, ¶ 16.

[13]Id. at 4, ¶¶ 17-18.

[14]Id. at ¶ 19.

On October 12, 2012, plaintiff notified MAP and the Trust that it would declare all amounts due and owing under the MAP Note unless all existing defaults were cured.[15] "MAP and [the] Trust failed to cure the existing defaults."[16] On October 25, 2012, plaintiff notified MAP and the Trust that it had declared all amounts under the MAP Note immediately due and payable.[17] "Despite demand, MAP, [the] Trust, and the Prendivilles failed or refused to cure the defaults or pay the MAP Indebtedness...."[18]

The Prendivilles are also the sole members of Nederland, which is a Texas limited liability company.[19] On February 16, 2007, GECC, as predecessor-in-interest to plaintiff, loaned $3,150,000.00 to the Trust and Nederland.[20] "The Nederland Loan is also evidenced by, among other things, [a] certain Promissory Note ('Nederland Note 1') ... in the original principal amount of $3,150,000.00."[21] "On April 30, 2008, GECC extended additional funds to Nederland and [the] Trust as evidenced by, among other things, [a] certain Promissory

---

[15] Id. at ¶ 20 and Exhibit 5 thereto.

[16] Id. at ¶ 20.

[17] Id. at ¶ 21 and Exhibit 6 thereto.

[18] Id. at ¶ 22.

[19] Id. at 5, ¶ 26.

[20] Id. at 5, ¶¶ 27-28 and Exhibit 8 thereto.

[21] Id. at ¶ 28 and Exhibit 9 thereto.

Note, ('Nederland Note 2'...) in the original principal amount of $1,300,000.00."[22]  "In conjunction with the Nederland Loan, the Prendivilles each executed [a] certain Unconditional Guaranty of Payment and Performance...."[23]  "Pursuant to the Nederland Guaranty, each of the Prendivilles absolutely and unconditionally guarantied full performance and repayment of all obligations owing by Nederland to GECC under the loan documents."[24]  "All of GECC's rights and interests in and under the Nederland Loan Documents were assigned to" plaintiff.[25]  Thus, plaintiff is current holder of the Nederland Notes, the entity entitled to enforce the Nederland Guaranty, and the owner and beneficiary of the Nederland Loan Documents.

"Prior to Nederland's bankruptcy,[[26]] Nederland, [the] Trust, and the Prendivilles defaulted on their obligations under the Nederland Loan Documents."[27]  "After Nederland's default, [plaintiff,] Nederland, [the] Trust, and Prendivilles entered into [a]

---

[22]Id. at 5-6, ¶ 29 and Exhibit 10 thereto.

[23]Id. at 6, ¶ 31 and Exhibit 11 thereto.

[24]Id. at ¶ 32.

[25]Id. at ¶ 33.

[26]Nederland filed bankruptcy on February 25, 2013.  As noted above, there is no bankruptcy stay in place that prevents plaintiff from enforcing its rights against the Trust or the Prendivilles.

[27]Burger Declaration at 6, ¶ 35, Exhibit A, Plaintiff's Motion for Summary Judgment, Docket No. 34.

certain Forbearance Agreement dated March 21, 2012...."[28]  "In the Nederland Forbearance Agreement, Nederland, [the] Trust, and the Prendivilles acknowledged the validity and enforceability of the Nederland Loan Documents, their liability for the Nederland Indebtedness," which is currently calculated to be $3,093,178.30,[29] "and the existence of events of default under the Nederland Loan Documents."[30]  Plaintiff "did not waive any existing defaults under the Nederland Loan Documents" but it "agreed to forebear from enforcing its rights under the Nederland Loan Documents under the terms and conditions of the Nederland Forbearance Agreement."[31]  Plaintiff's "agreement to forbear expired by the terms of the Nederland Forbearance Agreement on September 15, 2102."[32]

On October 12, 2012, plaintiff "notified Nederland, [the] Trust, and the Prendivilles that it would accelerate the maturity date of the Nederland Notes unless all existing defaults were cured."[33]  On October 25, 2012, plaintiff notified Nederland, the Trust, and the Prendivilles that it had declared all amounts under the Nederland Notes immediately

---

[28]Id. at 7, ¶ 36 and Exhibit 12 thereto.

[29]Id. at 8, ¶ 46.  The Nederland property was sold as part of Nederland's bankruptcy and the proceedings of the sale was applied to the Nederland Indebtedness.  Id. at ¶ 45.

[30]Id. at 7, ¶ 37.

[31]Id. at ¶¶ 38-39.

[32]Id. at ¶ 40.

[33]Id. at ¶ 41 and Exhibit 13 thereto.

due and payable.[34]  "Despite demand, Nederland, [the] Trust, and the Prendivilles failed or refused to cure the defaults or pay the Nederland Indebtedness...."[35]

On September 4, 2013, plaintiff commenced this action.  In Count I, plaintiff alleges a breach of contract claim based on allegations that the Trust breached the MAP Note.  In Count II, plaintiff alleges a breach of contract claim based on allegations that the Prendivilles breached the MAP Guaranty.  In Count III, plaintiff alleges a breach of contract claim based on allegations that the Trust breached the Nederland Notes.  In Count IV, plaintiff alleges a breach of contract claim based on allegations that the Prendivilles breached the Nederland Guaranty.

On August 26, 2014, plaintiff attempted to depose Kevin Prendiville.  Prior to the start of the deposition, plaintiff and defendants entered into a Settlement Agreement.  The Settlement Agreement was read on the record before a certified court reporter.[36]  Defendants agreed "to stipulate to a judgment in the full amount owed to GE" and that the judgment would "include all of the remaining principle, interest, late fees, attorney's fees, and any remaining amounts under the loan including a pre-payment premium[.]"[37]

---

[34]Id. at ¶ 42 and Exhibit 14 thereto.

[35]Id. at 7, ¶ 43.

[36]Exhibit E, Plaintiff's Motion for Summary Judgment, Docket No. 34.

[37]Id. at 3:5-11.

On September 15, 2014, the parties advised the court that they were "in the process of documenting [the] settlement" but that they required more time to do so.[38] The court called upon the parties to "submit their closing papers on or before October 15, 2014."[39] On October 27, 2014, the parties advised the court that they needed an additional two weeks to finalize the settlement documentation.[40] The court gave the parties until November 14, 2014 to submit their closing papers.[41]

On November 14, 2014, plaintiff advised the court that the Prendivilles had not yet executed the settlement documents and thus plaintiff intended to prosecute its complaint in compliance with the current scheduling deadlines.[42] "The court urge[d] plaintiff to make one last effort to secure the signed settlement papers from defendants and, should that fail, ... to participate in either private mediation or a court-sponsored settlement conference...."[43]

On December 1, 2014, plaintiff filed the instant motion for summary judgment. On December 19, 2014, plaintiff advised the court that after it filed the motion for summary

---

[38]Stipulation to Extend Discovery [etc.] at 2, Docket No. 26.

[39]Order re Stipulation to Extend Deadlines at 1, Docket No. 27.

[40]Stipulation to Extend Discovery Cutoff [etc.] at 2, Docket No. 30.

[41]Order re Stipulation to Extend Deadlines at 1, Docket No. 31.

[42]Notice of Inability to Comply with Deadline to Submit Closing Papers at 2, Docket No. 32.

[43]Order from Chambers at 1, Docket No. 33.

judgment, it "continued to urge [d]efendants to execute the Settlement Documents" but that "[d]efendants have refused or failed to do so."[44] Plaintiff further advised the court that it did "not know what could be accomplished in a settlement conference."[45] On January 9, 2015, because defendants had not responded to plaintiff's motion for summary judgment, plaintiff requested that the court summarily grant its motion for summary judgment.[46]

## Discussion

Plaintiff's request for summary disposition is denied. "Although permitted under Local Rule 7.2(i), the Ninth Circuit Court of Appeals ... has held that Federal Rule of Civil Procedure 56 forbids such a practice with respect to motions for summary judgment." McLemore v. Johnson, Case No. CV–12–02288–PHX–JAT, 2014 WL 2048073, at *2 (D. Ariz. May 19, 2014) (citing Heinemann v. Satterberg, 731 F.3d 914, 917 (9th Cir. 2013)). The court will consider plaintiff's summary judgment motion on its merits.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to show that there is an absence of genuine issues of

---

[44]Plaintiff's Status Report at 4, Docket No. 35.

[45]Id.

[46]Docket No. 36.

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

In order to prevail on its breach of contract claims, plaintiff must prove "the existence of a contract, breach of the contract, and resulting damages." Chartone, Inc. v. Bernini, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004). As for Counts I and II, defendants have admitted that the "MAP Loan Documents are valid and enforceable."[47] Defendants have admitted that they "defaulted on [their] obligations under the MAP Loan Documents."[48]

---

[47] Plaintiff's Requests for Admissions [etc.] at 10 and Defendants['] Responses [etc.] at 2; Exhibit B, Plaintiff's Motion for Summary Judgment, Docket No. 34.

[48] Id.

And, plaintiff has established that it has been damaged as a result of defendants' default.[49] As for Counts III and IV, defendants have admitted that the "Nederland Loan Documents are valid and enforceable."[50] Defendants have admitted that they "defaulted on [their] obligations under the Nederland Loan Documents."[51] And, defendants have admitted that plaintiff "has been damaged as a result of [their] default under the Nederland Loan Documents."[52] Thus, plaintiff is entitled to summary judgment on all four counts of its complaint.

Plaintiff has proven damages in the amount of $2,020,842.81 in connection the MAP Loan and $3,093,178.30 in connection the Nederland Loans. In addition, plaintiff is entitled to an award of its attorney's fees and costs pursuant to the Loan Documents and A.R.S. § 12-341.01.

Conclusion

Plaintiff's motion for summary judgment[53] is granted. The clerk of court shall enter judgment in favor of plaintiffs and against defendants Kevin John Prendiville and Maria

---

[49]Burger Declaration at 4-5, ¶ 25, Exhibit A, Plaintiff's Motion for Summary Judgment, Docket No. 34.

[50]Plaintiff's Requests for Admissions [etc.] at 10 and Defendants['] Responses [etc.] at 2; Exhibit B, Plaintiff's Motion for Summary Judgment, Docket No. 34.

[51]Id.

[52]Id.

[53]Docket No. 34.

-11-

Ann Prendiville, jointly and severally, in the amount of $5,114,021.11.  Plaintiff may also submit a motion for attorney's fees in accordance with Local Rule 54.2.

DATED at Anchorage, Alaska, this 6th day of February, 2015.

/s/ H. Russel Holland
United States District Judge
